**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Marilyn Echevarría-De Pena.<br><br>   *Plaintiff*,<br><br>     v.<br><br>United States of America, et al.<br><br>   *Defendants*. | CIV. NO. 11-1388 (PG) |

**OPINION AND ORDER**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 24th, 2011, Marilyn Echevarría-De Pena (hereafter "Plaintiff") filed the above-captioned claim alleging wrongful death and deliberate indifference to her now deceased husband, Mr. Samuel Pena-Ruiz's (hereinafter "Mr. Pena-Ruiz) medical needs. On October 30th, 2008, inmate Mr. Pena-Ruiz, who suffered from several medical conditions, collapsed and consequently died while exercising on a step machine at the Federal Correctional Institution ("FCI") in Miami, Florida. See Docket No. 1. As a result of this incident, Plaintiff presented an administrative tort claim on May 13, 2010. Five (5) months later, on October 28, 2010, the Plaintiff's administrative claim was denied. See Docket No. 1. Subsequently, Plaintiff presented the above-captioned claim asserting that the United States through the Federal Bureau of Prisons and some of its individually-named officers (hereinafter collectively referred to as "Defendants"), failed to provide her husband with reasonable and proper care while in custody at the FCI in Miami. Through the present claim, the Plaintiff is seeking compensation under the Federal Tort Claims Act ("FTCA") 28 U.S.C. 2671 *et seq.* The Plaintiff also sets forth a cause of action under Bivens v. Six Unknown Named Federal Agents 403 U.S. 388 (1971), and a general tort claim under the

Civil No. 11-1388 (PG)                                                Page 2

Civil Code of the Commonwealth of Puerto Rico, P.R. Laws Ann. Title 31, § 1802. See Docket No. 1.

Defendants have filed now a motion for change of venue arguing that although venue is proper as to the FTCA claim, such is not the case with regards to the cause of action brought forth under Bivens. Accordingly, Defendants claim that pursuant to 28 U.S.C. § 1391(b),[1] venue for the latter is only appropriate in the Southern District of Florida, inasmuch as the acts that bring about this claim took place in Miami and the Defendants reside in the alluded state. See Docket No. 16. In view of the abovementioned, Defendants request this Court transfer the case at hand to the U.S. District Court for the Southern District of Florida. See Docket No. 16.

In its opposition, Plaintiff responded that to bifurcate the FTCA and Bivens causes of action would "duplicate the judicial process, creating a burden to all parties in the action. Hence, the action should remain in the District of Puerto Rico." See Docket No. 18 at page 5. In their reply, the Defendants further stressed their original arguments.

After careful review, this Court holds that although pursuant to 28 U.S.C. § 1402(b)[2] venue is appropriate with respect to the Federal Torts Claim Act action, venue is improper with regards to the Bivens cause of action in accordance with 28 U.S.C. §1391(b). As a result, and

---

[1] 28 U.S.C. § 1391(b) (2011) states as follows:
   A civil action may be brought in
   **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
   **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
   **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[2] 28 U.S.C. § 1402(b) (2011) states as follows:
   Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

Civil No. 11-1388 (PG)                                                Page 3

considering this Court's discretion under 28 U.S.C. § 1404(a),[3] Defendants' Motion Requesting Change of Venue is **GRANTED** and the Clerk is ordered to transfer this case to the United States District Court for the Southern District of Florida.

## II. DISCUSSION

Venue for a Federal Torts Claim Action is governed by U.S.C. § 1402(b). Pursuant to this statute, any civil action like the one at hand may be prosecuted in either the district in which the plaintiff resides, or where the act or omission which gave standing to the claim arose. See U.S.C. § 1402(b). Considering the fact that the alleged events took place at the Federal Correctional Institution located in Miami, Florida, it is worth noting that the FTCA claim could have also been brought in the U.S. District Court for the Southern District of Florida. Nevertheless, because the Plaintiff is a resident of the Commonwealth of Puerto Rico, she was also entitled to bring suit in this Court, and so she did.

On the other hand, venue in a Bivens cause of action is governed by 28 U.S.C. § 1391(b). To that effect, the Supreme Court has held that claims of this nature "must be brought in the district where all the defendants reside or in which the claim arose." Stafford v. Brigs, 444 U.S. 527 (1980). In Stafford, the Court found that "the interests of justice would not be served if a Bivens suit could be brought against an officer anywhere the plaintiff happened to reside." [ERWIN CHEMERISNKY, FEDERAL JURISDICTION, §9.1.5, 5th ed. (2007)].

In light of the above-stated facts, we understand that this Court lacks jurisdiction with regards to the Bivens cause of action, and is therefore unable to entertain the claim. For these reasons, along with this Court's discretion under 28 U.S.C. § 1404(a), and in the interest of judicial economy, Defendants' Motion Requesting Change of Venue is

---

[3] 28 U.S.C. § 1404(a) (2011) states as follows:
  For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

**GRANTED.**

    Defendants, in their motion also argue that Plaintiff failed to exhaust administrative remedies in order to be able to assert a claim under the FTCA. Furthermore, Defendants assert that Plaintiff lacks standing. Having found that the case at hand should be transferred to the U.S. District Court for the Southern District of Florida, we decline to discuss the merits of these arguments.

### III. CONCLUSION

    Pursuant to the foregoing, Defendants' Motion Requesting Change of Venue (Docket No. 16) is hereby **GRANTED** and the Clerk is ordered to transfer this case to the U.S. District Court for the Southern District of Florida.

    **SO ORDERED.**
In San Juan, Puerto Rico, JUNE   14, 2012.

                                                           S/ JUAN M. PÉREZ-GIMÉNEZ
                                                            JUAN M. PÉREZ-GIMÉNEZ
                                                            UNITED STATES DISTRICT JUDGE